## State v. Houston
*[Cite as 7 AOA 219]*

*Case No. L- 89-180*
*Lucas County, (6th)*
*Decided October 26, 1990*

*Anthony G. Pizza, Prosecuting Attorney and James Vail, for Appellee.*

*Carla B. Davis, for Appellant.*

HANDWORK, P.J.

This appeal was filed on June 12, 1989 to challenge a decision of the Lucas County Court of Common Pleas, Juvenile Division, which certified appellant, Nathaniel S. Houston, to be tried as an adult for a charge of aggravated trafficking in drugs. The journal entry certifying appellant to be tried as an adult was filed on February 27, 1989. However, the order transferring appellant to the general division of the common pleas court was not a final and appealable order. *In Re Becker* (1974), 39 Ohio St. 2d 84, at the syllabus. Appellant therefore waited until now to bring this appeal.

Appellant filed two praecipes in this appeal. The first was filed on June 12, 1990. The caption on the first praecipe included the case

numbers from both the general division and the juvenile division of the court of common pleas. The text of the first praecipe indicated this appeal was filed from a judgment which rendered sentence on May 12, 1989, the judgment entry from the Lucas County Court of Common Pleas. The text of the first praecipe then instructed the clerk of courts to assemble "*** the original papers, exhibits, and stipulations filed in the juvenile court in case No. JC88-17122, and a certified copy of the docket and journal entries."

The second praecipe also had the case numbers from both the general division and the juvenile division of the common pleas court. The text of the second praecipe again contained a referral to the May 1989 judgment. The second praecipe contained instructions to the clerk to "*** immediately prepare and assemble the transcript of the certification hearing held in the juvenile court in case No. JC88-17122."

Because neither praecipe specifically requested the documents relating to the criminal case file from the general division, the record compiled for this court by the clerk does not include those documents. However, as we have already noted, this case is not final and appealable until the proceedings in the general division of the court of common pleas have concluded. *In re Becker, supra,* at the syllabus. As we have also previously noted, both the notice of appeal and the two praecipes filed in this case contained reference to the criminal case docket number and to the judgment entry of the Lucas County Court of Common Pleas, General Division. Accordingly, pursuant to App. R. 9(E), we *sua sponte* direct that the omitted record from case No. CR89-5984 be included in this record on appeal. To avoid any similar error or omission in cases involving challenges to certification of juveniles to adult courts, we direct counsel to include specific language in the text of the praecipe to the clerk of courts requesting all pertinent documents from both the juvenile division and the general division of the court of common pleas to establish that the case is a final appealable order.

The documents in case No. CR89-5984 of the Lucas County Court of Common Pleas indicate the following:

(1) the case against appellant was prosecuted by information, rather than indictment, after appellant appeared in court accompanied by counsel, was advised of his rights and signed a waiver of prosecution by indictment;

(2) appellant entered a plea of no contest to the charge of aggravated trafficking in drugs; and

(3) the trial court filed a judgment entry on May 15, 1989 sentencing appellant to confinement for one and one-half years. A final appealable order does exist in this case and appellant timely filed this appeal. *Id.* at 87.

Appellant's sole assignment of error states: "Whether it was an abuse of discretion for the Juvenile Court to relinquish jurisdiction over Nathaniel Houston and bind him over to the Lucas County Court of Common Pleas to be tried as an adult criminal offender."

When a prosecutor asks a juvenile court to relinquish jurisdiction of a minor to the general division of the court, the juvenile court must follow the procedures outlined in R.C. 2151.26 and Juv. R. 30. R.C. 2151.26 states:

"*** after a complaint has been filed alleging that a child is delinquent by reason of having committed an act that would constitute a felony if committed by an adult, the court at a hearing may transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense, after making the following determinations:

"(a) The child was fifteen or more years of age at the time of the conduct charged;

"(b) There is probable cause to believe that the child committed the act alleged;

"(c) After an investigation, including a mental and physical examination of the child made by a public or private agency, or a person qualified to make the examination, that there are reasonable grounds to believe that:

"(i) He is not amenable to care or rehabilitation or further care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children;

"(ii) The safety of the community may require that he be placed under legal restraint, including, if necessary, for the period extending beyond his majority." R.C. 2151.26(A)(1).

At a hearing conducted on January 17, 1989, appellant and appellee stipulated that appellant was sixteen years old, that the offense occurred in Lucas County, and that probable cause could be found for every element of the offense. The juvenile court noted that appellant was represented by counsel and guardian ad litem at the hearing, accepted the stipulations and ordered the Court Diagnostic Center to conduct a psychological evaluation of appellant. Appellant does not contend any error occurred

at the first hearing. Appellant's challenge relates to the decision of the juvenile court to certify appellant for trial as an adult following a second hearing, conducted on February 17, 1989. Appellant contends that the decision of the juvenile court was not supported by reasonable grounds. Specifically, appellant contends that the evidence presented to the juvenile court was insufficient to support a finding that appellant was not amenable to rehabilitation.

Both R.C. 2151.26 and Juv. R. 30 require a juvenile court to determine that a minor is not amenable to rehabilitation and is a threat to the safety of the community before a juvenile court may transfer the minor to the general division for criminal proceedings. Juv. R. 30(E) sets forth five factors to be considered to determine whether a minor is amenable to rehabilitation. Those five factors are:

"(1) The child's age and his mental and physical health;

"(2) The child's prior juvenile record;

"(3) Efforts previously made to treat or rehabilitate the child;

"(4) The child's family environment;

"(5) School record."

Appellant argues that the evidence presented to the juvenile court failed to show these factors. This court will not reverse the judgment of a juvenile court transferring a juvenile to the general division for criminal proceedings absent a showing of abuse of discretion. *State v. Douglas* (1985), 20 Ohio St. 3d 34, 37. No abuse of discretion exists if there is sufficient, competent, credible evidence relating to each of the five factors contained in Juv. R. 30(E). *Id.* at 37.

A review of the record and the transcript of the hearing of February 17, 1989 reveals the following information. Appellant was sixteen years of age and was in good physical and mental health at the time he committed the offense. He is described as above average intelligence and made a conscious decision to quit working at a job which paid him $4.50 so that he could sell drugs, which paid more. He had a previous juvenile record from the state of Michigan, where he was arrested on similar charges, was tried and was placed on probation by the Michigan Juvenile Court System. He was instructed by the probation officer in Michigan to maintain employment and to attend school. However, when appellant was assigned a new probation officer by the Michigan Juvenile Court System, appellant failed to keep contact with that new officer, discontinued working, and did not attend school. Appellant's home situation was less than ideal, and little assistance could be expected from his family. Appellant's school attendance was abysmal and his grades were poor. We find that the above information constitutes substantial credible evidence to support the juvenile court's ruling that appellant was not amenable to rehabilitation. The existence of the psychologist report stating that in the psychologist's belief appellant was amenable to rehabilitation does not change our holding. We agree with the Ninth District Court of Appeals of Ohio that a "*** juvenile court is not bound by the experts' opinions in making its determination whether the defendant is amenable to rehabilitation." *State v. Dickens* (Sept. 23, 1987), Summit App. No. C.A. 12967, unreported at 7.

We also find there is substantial credible evidence to support the juvenile court's ruling that appellant constituted a danger to the safety of the community. The juvenile court was informed at the February 17, 1989 hearing that appellant was carrying a loaded gun at the time of his arrest. In addition, appellant was engaged in drug trafficking, an activity which in itself, presents great danger to those who may consume the drugs sold, as well as to the community as a whole which is injured by illegal activity. Appellant's sole assignment is found not well-taken.

We find that the defendant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., GLASSER, J., and ABOOD, J., concur.