OPINION
Defendant-appellant, Ralph Dunston, appeals a decision of the Madison County Juvenile Court to relinquish jurisdiction over appellant and order the case transferred to the General Division of the Court of Common Pleas for criminal prosecution as an adult.
The charges against appellant were a result of a shooting incident that occurred on August 20, 2000. On that date, James Rigsby ("Rigsby"), his wife, his three children and his wife's nephew were travelling home in their Ford Explorer from Kings Island. As Rigsby drove along a stretch of State Route 32, a vehicle approached from behind with its bright lights on. The approaching vehicle began to pass. As the vehicle pulled alongside to pass, shots were fired from the vehicle into Rigsby's Explorer. The vehicle then drove away.
Rigsby's driver-side window was shattered. Rigsby realized he was wounded in the left shoulder, but continued to drive with only his right hand because the family was afraid to stop out of fear the vehicle would return. His wife called ahead on her cell phone and Rigsby was able to drive to the Madison County Sheriff's office in London where he was transported by helicopter to a hospital in Columbus. Rigsby suffered two gunshot wounds to the left shoulder and a third gunshot wound approximately six to seven inches below the others. As a result of the gunshots, he suffered a fractured rib and a collapsed lung and was hospitalized for three days.
An investigation led Sergeant Doug Crabbe to consider appellant as a suspect. At his first interview with Sergeant Crabbe, appellant admitted being in the vehicle from which the shots were fired, but stated that the driver, Justin Ray ("Ray"), was the person who fired the shots. He stated that he had no idea where the gun came from or where it currently was located. After interviews with Ray and a third person in the vehicle, Sergeant Crabbe again interviewed appellant, who admitted that he fired the gun three times at the Explorer. He stated that he bought the gun and brought it with him the evening of the shooting. Appellant led Sergeant Crabbe to the place where he had buried the gun, and it was later verified as the gun used in the shooting.
Complaints were filed against appellant alleging that he was a delinquent child. The state requested that jurisdiction be transferred to the general division of the common pleas court so that appellant could be tried as an adult. The juvenile court held a hearing and found that appellant should be tried as an adult. Appellant was indicted by a Madison County grand jury for one count of felonious assault in violation of R.C. 2903.11(A)(2), a firearm specification pursuant to R.C. 2941.145, and a specification for discharging a firearm from a moving vehicle pursuant to R.C. 2941.146. Appellant pled no contest to all three charges, was found guilty, and was sentenced by the court.
Appellant appeals the juvenile court's decision to transfer jurisdiction so that he could be tried as an adult. He raises the following single assignment of error:
 THE MADISON COUNTY COMMON PLEAS COURT, JUVENILE DIVISION[,] ERRED WHEN IT BOUND APPELLANT OVER TO THE CRIMINAL DIVISION FOR TRIAL AS AN ADULT.
 A juvenile court enjoys wide latitude in determining whether it should relinquish jurisdiction over a juvenile, and its decision will not be reversed absent an abuse of discretion. State v. Watson (1989), 47 Ohio St.3d 93, 95. The procedure for binding over a juvenile for criminal prosecution to the general division of the common pleas court is provided in R.C. 2151.26. Subsection C, which is applicable to this case, states:
 [A]fter a complaint has been filed alleging that a child is a delinquent child for committing an act that would be a felony if committed by an adult, the court at a hearing may transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense, after considering the factors specified in division (C)(2) of this section and after making all of the following determinations:
 (a) The child was fourteen years of age or older at the time of the act charged.
 (b) There is probable cause to believe that the child committed the act charged.
 (c) After an investigation, including a mental examination of the child made by a public or private agency or a person qualified to make the examination, and after consideration of all relevant information and factors, *** there are reasonable grounds to believe that both of the following criteria are satisfied:
 (i) The child is not amenable to care or rehabilitation or further care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children.
 (ii) The safety of the community may require that the child be placed under legal restraint, including, if necessary, for the period extending beyond the child's majority.
 Appellant concedes that the state established that he was over fourteen and that there was probable cause to find that he committed the acts with which he was charged. However, appellant contends that the state failed to establish that he is not amenable to rehabilitation and that the safety of the community requires that he be placed under legal restraint.
In making a determination whether to order transfer of the case for criminal prosecution, R.C. 2151.26(C)(2) requires the juvenile court to consider the following five factors in favor of transfer:
 (a) A victim of the act charged was five years of age or younger, regardless of whether the child who is alleged to have committed that act knew the age of that victim;
 (b) A victim of the act charged sustained physical harm to the victim's person during the commission of or otherwise as a result or the act charged.
 (c) The act charged is not a violation of section 2923.12 of the Revised Code, and the child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged.
 (d) The child has a history indicating a failure to be rehabilitated following one or more commitments pursuant to (A)(3), (4), (5), (6), or (7) of section 2151.355 of the Revised Code.
 (e) A victim of the act charged was sixty-five years of age or older or permanently and totally disabled at the time of the commission of the act charged, regardless of whether the child who is alleged to have committed that act knew the age of that victim.
 Two of these factors weigh heavily in favor of transfer. The seriousness of the offense should not be understated. Appellant seriously injured a complete stranger for no apparent reason. He used a firearm he had previously purchased in the commission of the offense. He then lied to the police about the facts and only admitted to his involvement after further investigation.
A review of additional facts presented to the trial court also supports the decision to order transfer of the case. This offense was not appellant's first encounter with the juvenile system. Appellant's parents had filed an unruly child complaint against him and he was placed on probation. Appellant had six previous burglary complaints that he admitted to committing. He was adjudicated delinquent as a result of these burglaries and was placed on intensive probation. Appellant was suspected to have been the ringleader of the group involved in these burglaries. He violated the terms of his intensive probation due to curfew violations, and was in violation of the terms of his probation at the time of the current offense by associating with Ray. While at the juvenile detention center, appellant was placed on disciplinary isolation for his involvement in an escape plan.
The record also shows that appellant missed forty-seven days during the 1998-1999 school year and, because of failing grades, obtained only one credit that year. While on intensive probation for the burglary offenses, appellant was ordered to undergo counseling. Although he attended counseling regularly in the beginning, his attendance as time progressed became sporadic.
Appellant argues that the juvenile court should have found him amenable to rehabilitation based on the expert opinion of Dr. Layh, a clinical psychologist who evaluated appellant at the court's request. Dr. Layh opined that the Department of Youth Services was more appropriate to address appellant's needs and rehabilitation. However, a juvenile court is not bound by expert opinions in determining the amenability of a juvenile. State v. Lopez (1996), 112 Ohio App.3d 659, 662; State v.Houston, (1990), 70 Ohio App.3d 152, 156.
In addition, the state questioned the reliability of Dr. Layh's conclusions since the psychologist relied on information given to him by appellant and his parents. He did not speak with the prosecutor's office, any police agency, or appellant's prior counselor. The information Dr. Layh received was primarily from appellant and the psychologist was unaware of many of the facts involved. Some of the conclusions Dr. Layh reached by testing were contradicted by the results of other tests. Dr. Layh also admitted that his philosophical leanings were in favor of rehabilitation and counseling.
The juvenile court considered the evidence and specifically found that appellant was not amenable to rehabilitation, and that the safety of the community may require that appellant be placed under restraint for a period beyond attaining the age of majority. The juvenile court stated that Dr. Layh's opinion was the only evidence contrary to a finding in favor of transfer, and that Dr. Layh's opinion was flawed for the reasons above. There is more than sufficient evidence to support the juvenile court's findings. Accordingly, we find that the juvenile court did not abuse its discretion in determining that appellant's case should be transferred for criminal prosecution as an adult. Appellant's assignment of error is overruled.
VALEN and POWELL, JJ., concur.