DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the April 12, 2004 judgment of the Lucas County Court of Common Pleas, which sentenced appellant, Keith Terrell, following his Alford[1] plea to charges of aggravated robbery and a firearm specification. Finding that the Lucas County Court of Common Pleas, Juvenile Division, did not err in relinquishing jurisdiction over appellant and transferring him to the general division of the court for criminal prosecution as an adult, we affirm the decision of the lower court. Appellant asserts the following single assignment of error on appeal:
 {¶ 2} "THE JUVENILE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING THE STATE'S MOTION FOR THE RELINQUISHMENT OF JURISDICTION FOR PURPOSE OF CRIMINAL PROSECTION DISCRETIONARY."
 {¶ 3} Appellant, who was 17 at the time of the offense, was charged with delinquency for having committed an act which would have constituted a felony if committed by an adult (aggravated robbery). The state moved to transfer the case to the general division of the court and prosecute appellant as an adult. Appellant opposed the motion arguing that there was still time for appellant to be rehabilitated in the juvenile system and protect the public. Furthermore, he argued that the R.C. 2152.12 factors against transfer outweighed the factors in favor of transfer.
 {¶ 4} The court found probable cause to believe that appellant committed the crime alleged. The court also weighed the facts obtained from a social history investigation, appellant's juvenile record, and a psychological evaluation. Based on this information, the juvenile court concluded that appellant was not amenable to care or rehabilitation in the juvenile system and that the safety of the community may require that appellant be incarcerated for a period beyond age 21.
 {¶ 5} Appellant was then charged with aggravated robbery, with a firearm specification, and with robbery. Appellant entered an Alford plea to the charges of aggravated robbery and the firearm specification. Appellant was convicted and sentenced to three years on the aggravated robbery conviction and one year on the firearm specification, to be served consecutively.
 {¶ 6} Juv. R. 30(C) and R.C. 2152.12 govern the transfer of a child from the juvenile court to the general division to be prosecuted as an adult. The juvenile court's determination is reversed on appeal only upon a showing that the court abused its discretion. State v. Watson (1989),47 Ohio St.3d 93, 95. Therefore, we must consider whether the juvenile court's decision was unreasonable, arbitrary, or unconscionable. Statev. Adams (1980), 62 Ohio St.2d 151, 157-158.
 {¶ 7} R.C. 2152.12(B)(3) provides that the court has the discretion to transfer a case if it finds that the child was over age 14 at the time of the crime, that there is probable cause to believe that the child committed the crime, and that "[t]he child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions." To determine whether the child can be rehabilitated and whether adult sanctions are necessary for the safety of the community, the court weighs the competing factors set forth in R.C. 2152.12(D) and (E) and indicates the factors weighed in the record. R.C. 2152.12(B).
 {¶ 8} The juvenile court complied with all of the statutory requirements in this case. Appellant argues that there was no evidence in the record to support the juvenile court's findings that appellant was not amendable to rehabilitation or that the safety of the community required that he be held past the age of 21. Furthermore, he argues that the record does not support the court's findings that appellant had a poor school history, untreated drug and alcohol abuse, and comes and goes from his home as he wishes. Therefore, appellant argues that the court's conclusions that appellant thinks and acts like an adult and that he has no interest in amending his ways or taking responsibility for his actions is unfounded.
 {¶ 9} Furthermore, appellant contends there was evidence that the court-ordered psychological evaluation revealed that appellant has an undiagnosed learning disability, untreated drug and alcohol problems, and that appellant was both emotionally and psychologically immature. These factors, appellant argues, indicate that he could still be rehabilitated within the juvenile justice system. Because appellant was ultimately sentenced to only four years of incarceration, appellant argues that his sentence demonstrates that the safety of the community would not have been altered by keeping appellant in the juvenile justice system where he could have been incarcerated for four years as well.
 {¶ 10} While there is evidence in the record that supports the juvenile court retaining jurisdiction over this case, there was also evidence supporting the transfer. The court expressly based its decision upon appellant's prior conduct and failure of the juvenile justice system to rehabilitate him. Because of the gravity of this crime, the court concluded that appellant needed to be treated as an adult for the protection of the community and himself. Nothing in the record supports appellant's argument that the juvenile court's decision was based on erroneous facts or that it was unreasonable, arbitrary, or capricious.
 {¶ 11} Appellant's sole assignment of error is not well-taken.
 {¶ 12} Having found that the court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App. R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Handwork, J., Skow, J., Parish, J., concur.
[1] An Alford plea is one that permits a defendant to plead guilty while maintaining his or her innocence. North Carolina v. Alford (1970),400 U.S. 25.