OPINION
{¶ 1} Defendant-appellant, Deandre[1] Allen, appeals the decision of the Butler County Juvenile Court to relinquish jurisdiction over appellant and order the case transferred to the *Page 2 
General Division of the Butler County Court of Common Pleas for criminal prosecution as an adult.
 {¶ 2} The charges against appellant were the result of two shooting incidents that occurred in August 2006. On August 13, 2006, appellant shot Saul Martinez several times with a .22 caliber revolver. At the time, appellant was three days shy of turning 17 years old. Martinez suffered three gunshot wounds, one on his left foot, one on the back of a thigh, and one on the left side of his back. Martinez nearly died from his injuries and spent 21 days at the hospital. On August 22, 2006, appellant, now 17 years old, shot Cameron Wilkinson several times with a .22 caliber revolver. Wilkinson suffered two gunshot wounds, one on an elbow and one on his left leg. Although appellant knew Wilkinson, there is no indication he knew Martinez.
 {¶ 3} Complaints were filed against appellant alleging he was a delinquent child. The state moved to transfer the case to the general division of the common pleas court so that appellant could be tried as an adult. Following a probable cause hearing, the juvenile court found probable cause to believe appellant committed the offenses alleged. The juvenile court also found that appellant committed the offenses using a firearm and that he was 14 years of age or older at the time of the offenses.
 {¶ 4} On December 11, 2006, the juvenile court held a relinquishment hearing. A psychological evaluation, a social history investigation, appellant's juvenile record, and his medical history and school record were admitted into evidence. Upon finding that appellant was not amenable to rehabilitation within the juvenile system and that the safety of the community may require that he be subject to adult sanctions, the juvenile court granted the state's motion and relinquished jurisdiction over the matter to the general division of the common pleas court. Appellant subsequently pled guilty to two counts of felonious assault in violation of R.C. 2903.11(A)(2). He was sentenced to 12 years in prison. *Page 3 
 {¶ 5} Appellant appeals, raising one assignment of error:
 {¶ 6} "THE JUVENILE COURT ERRED WHEN IT RELINQUISHED JURISDICTION OF APPELLANT AND ORDERED THAT HE BE BOUND OVER FOR TRIAL AS AN ADULT, CONTRARY TO THE RECOMMENDATION OF THE COURT APPOINTED PSYCHOLOGIST."
 {¶ 7} Juv.R. 30 and R.C. 2152.12 govern the transfer of a child from the juvenile court to the general division of the common pleas court to be prosecuted as an adult. Specifically, R.C. 2152.12(B) provides that the juvenile court may transfer the case if it finds that the child was 14 years of age or older at the time of the offense; there is probable cause to believe the child committed the offense; and the "child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions." To determine whether the child can be rehabilitated and whether adult sanctions are necessary for the safety of the community, the juvenile court must consider whether the factors in favor of a transfer listed in R.C. 2152.12(D) outweigh the factors against a transfer listed in R.C. 2152.12(E). R.C. 2152.12(B).
 {¶ 8} A juvenile court enjoys wide latitude in determining whether it should relinquish jurisdiction over a juvenile, and its decision will not be reversed absent an abuse of discretion. State v. Dunston (Apr. 2, 2001), Madison App. No. CA2000-05-026, at 3. Thus, we must determine whether the juvenile court's decision to relinquish jurisdiction was unreasonable, arbitrary, or unconscionable. See State v. Terrell, Lucas App. No. L-04-1131, 2005-Ohio-4871.
 {¶ 9} With regard to R.C. 2152.12(D) factors in favor of a transfer, the juvenile court found that appellant used a firearm in both incidents; the shooting incidents involved two separate victims and occurred on two separate days; appellant had been in front of the juvenile court approximately 18 times for different and varied delinquencies; appellant was on *Page 4 
probation at the time of the incidents; appellant had not completed the aftercare program when the incidents occurred; and appellant was physically mature enough for the transfer. See R.C. 2152.12(D)(5)-(8). The record supports these findings. With regard to R.C. 2152.12(E) factors, the juvenile court found that the only factor against a transfer was the fact that appellant would not be 18 years old for another six months. See R.C. 2152.12(E)(8) (there is sufficient time to rehabilitate the child within the juvenile system and the level of security available in the juvenile system provides a reasonable assurance of public safety).
 {¶ 10} Appellant argues that the juvenile court abused its discretion because it gave little weight to the expert opinion of Dr. Robert Kurzhals, a clinical psychologist who evaluated appellant at the court's request. Dr. Kurzhals' report, which was admitted into evidence, stated that:
 {¶ 11} "Despite his numerous contacts with the juvenile court, Deandre has not yet exhausted all the options available to juvenile offenders, as he has not yet been placed at a DYS facility, where he could take advantage of the programs available for habilitation of youth. Although his prognosis for a successful outcome would be considered guarded, it is my opinion to a reasonable degree of psychological certainty that this young man remains amenable to care and rehabilitation in a facility specifically designed for juveniles." The report also noted, inter alia, that until the shooting incidents, appellant had no prior violent offenses, and that appellant presented himself as having the personality characteristics necessary to be successful.
 {¶ 12} At the end of the relinquishment hearing, the juvenile court indicated it had reviewed Dr. Kurzhals' report in its entirety and considered the report as a factor, but that it was not obligated to follow Dr. Kurzhals' recommendations. It is well-established that a juvenile court is not bound by expert opinions in determining the amenability of a juvenile. Dunston, Madison App. No. CA2000-05-026, at 6-7. See, also, State v. Lopez (1996), *Page 5 112 Ohio App.3d 659; State v. Houston (1990), 70 Ohio App.3d 152.
 {¶ 13} We find no abuse of discretion in the juvenile court's refusal to follow Dr. Kurzhals' recommendations. The seriousness of the offenses should not be understated. Appellant seriously injured two persons, one of whom was a complete stranger (Martinez) who, due to the seriousness of his injuries, nearly died and stayed 21 days at the hospital. The other victim, Wilkinson, continued to see a doctor for his injuries and became afraid to walk around his neighborhood. Further, these offenses were not appellant's first encounter with the juvenile system. His first encounter was for petty theft when he was only ten years old. Later contacts included two felony charges of receiving stolen property (at ages 13 and 15). The record shows that the juvenile system failed to rehabilitate appellant.
 {¶ 14} The juvenile court considered the evidence and specifically found that appellant was not amenable to rehabilitation and that the safety of the community may require that appellant be placed under restraint for a period beyond attaining the age of majority. Notwithstanding Dr. Kurzhals' recommendation, there is more than sufficient evidence to support the juvenile court's findings. Accordingly, we find that the juvenile court did not abuse its discretion in determining that appellant's case should be transferred for criminal prosecution as an adult. Appellant's assignment of error is overruled.
 {¶ 15} Judgment affirmed.
WALSH, P.J. and POWELL, J., concur.
[1] We note that throughout the pleadings, appellant has spelled his first name three different ways: Deandre, De' Andre, and DeAndre. We choose to use "Deandre," the spelling used in the caption of the pleadings filed in the juvenile court and the common pleas court. *Page 1