[Cite as *State v. Easley*, 2016-Ohio-7271.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| | | No. 16AP-9 |
| Plaintiff-Appellee, | : | (C.P.C. No. 14CR-5362) |
| | | No. 16AP-10 |
| v. | : | (C.P.C. No. 14CR-5363) |
| | | |
| Trevon Easley, | : | (REGULAR CALENDAR) |
| | | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 11, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

**On brief:** *Timothy Young*, Ohio Public Defender, and *Charlyn Bohland*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Trevon Easley, appeals from judgments of conviction entered by the Franklin County Court of Common Pleas. In these appeals, he argues that the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, erred when it relinquished jurisdiction of these cases and transferred them to the common pleas court for prosecution as an adult. Because the juvenile court did not abuse its discretion by relinquishing jurisdiction over appellant's cases, we affirm.

## I. Factual and Procedural Background

{¶ 2} In November 2013, two complaints were filed in the juvenile court alleging that appellant was a delinquent child. Those complaints alleged that appellant committed

counts of aggravated robbery and robbery in two separate incidents.[1]  The first incident occurred when appellant agreed to sell gym shoes to another juvenile.  During the transaction, appellant punched the victim, pulled out a gun and pointed it at the victim, and demanded the victim's cell phone and shoes.  The second offense involved appellant and others going to the house of one of appellant's friends.  Appellant had lived in the friend's house for a short time right before this incident occurred.  The individuals knocked on the door and, brandishing a gun, demanded to come inside.  Once inside the house, appellant tied up the victim while the others went through the house stealing property.[2]  They took electronics, jewelry, and guns.  At the time of these offenses, appellant was 15 years old.

{¶ 3}  The State of Ohio, pursuant to R.C. 2152.12(B) and Juv.R. 30, requested that the juvenile court relinquish jurisdiction over the complaints and transfer the matters to the Franklin County Court of Common Pleas for prosecution of appellant as an adult. The juvenile court held a hearing on the state's motion to relinquish jurisdiction.  At that hearing, appellant called an expert witness, Dr. Bob Stinson, to testify about whether appellant was amenable to treatment.  Dr. Stinson evaluated appellant and also had other test results available to assist him in the determination.  Dr. Stinson opined that appellant was amenable to treatment.  (Sept. 29, 2014 Mot. Hearing at 13.)  He based his opinion on the fact that appellant has not had the benefit of previous treatment but had shown openness to treatment and that he tested in the low to moderate risk class for dangerousness and violent aggressiveness tendencies.  At the end of the hearing, the juvenile court concluded that appellant was not amenable to care or rehabilitation within the juvenile system and the safety of the community may require that he be subject to adult sanctions.  Accordingly, the juvenile court transferred the cases to the common pleas court for prosecution as an adult.

{¶ 4}  In the common pleas court, a grand jury indicted appellant in these two cases with counts of aggravated burglary, aggravated robbery, robbery, kidnapping, and theft, all with firearm specifications pursuant to R.C. 2941.145.  Although appellant

---

[1] One complaint also contained the allegation that appellant kidnapped his victim to facilitate the aggravated robbery.

[2] These facts are gathered from appellant's plea hearing in the trial court.

initially entered not guilty pleas to all the charges, he eventually withdrew his not guilty pleas and entered guilty pleas in these cases to two counts of aggravated robbery with firearm specifications and one count of kidnapping. The common pleas court accepted his guilty pleas, found him guilty, and sentenced him to a jointly-recommended total prison sentence of 12 years.

## II. Appellant's Appeal

{¶ 5} Appellant appeals from his convictions, seeking review of the juvenile court's decision to transfer these cases to the common pleas court. Specifically, appellant assigns the following error:

> The juvenile court abused its discretion when it determined that 15-year-old Trevon Easley was not amenable to treatment in the juvenile system, in violation of R.C. 2152.12(B); 2152.121; Fifth and Fourteenth Amendments to the U.S. Constitution, and Article I, Section 10, Ohio Constitution.

### A. The Standard of Review

{¶ 6} The Supreme Court of Ohio has consistently applied the abuse-of-discretion standard in the review of discretionary-transfer proceedings from juvenile court to the general division of common pleas court. *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, ¶ 14; *State v. Watson*, 47 Ohio St.3d 93, 95 (1989); *State v. Carmichael*, 35 Ohio St.2d 1 (1973), paragraphs one and two of the syllabus. "[A]n amenability hearing is a broad assessment of individual circumstances and is inherently individualized and fact-based. Thus, a juvenile court's determination regarding a child's amenability to rehabilitation in the juvenile system is reviewed by an appellate court under an abuse-of-discretion standard." *In re M.P.* at ¶ 14. This court agrees. *State v. Morgan*, 10th Dist. No. 13AP-620, 2014-Ohio-5661, ¶ 30. Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, no court has the authority, within its discretion, to commit an error of law. *State v. Moncrief*, 10th Dist. No. 13AP-391, 2013-Ohio-4571, ¶ 7.

### B. The Transfer Process

{¶ 7} R.C. 2152.12 governs the transfer of a child from the juvenile court to the general division of the common pleas court to be prosecuted as an adult. *Morgan* at ¶ 30; *State v. Allen*, 12th Dist. No. CA2007-04-085, 2008-Ohio-1885, ¶ 7. As relevant here,

appellant was eligible for discretionary transfer pursuant to R.C. 2152.12(B), which provides that the juvenile court may transfer the case if it finds that the child was 14 years of age or older at the time of the offense; there is probable cause to believe the child committed the offense; and the child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions.  Because appellant was 15 years old at the time of the offenses, the initial step in the transfer process is to determine whether probable cause exists to believe the child committed the act alleged.  R.C. 2152.12(B)(2); *State v. Phillips*, 12th Dist. No. CA2009-03-001, 2010-Ohio-2711, ¶ 10.  Appellant does not dispute the existence of probable cause.

{¶ 8}  The next step in the process requires the juvenile court to conduct a hearing to determine whether the child is amenable to care or rehabilitation within the juvenile system. R.C. 2152.12(B)(3). In making this determination, the court is required to consider whether the factors indicating that the case should be transferred outweigh the factors indicating that the case should not be transferred.  *State v. Erwin*, 10th Dist. No. 09AP-918, 2012-Ohio-776, ¶ 8; *Allen* at ¶ 7.  The statutes are silent with regard to how a juvenile court should weigh these factors.  Thus, the juvenile court has the discretion to determine how much weight should be accorded to any given factor.  *State v. Marshall*, 1st Dist. No. C-150383, 2016-Ohio-3184, ¶ 15, citing *Morgan* at ¶ 37.

{¶ 9}  R.C. 2152.12(D) sets forth the factors that a court must consider in favor of transferring a juvenile:

> (1) The victim of the act charged suffered physical or psychological harm, or serious economic harm, as a result of the alleged act.
>
> (2) The physical or psychological harm suffered by the victim due to the alleged act of the child was exacerbated because of the physical or psychological vulnerability or the age of the victim.
>
> (3) The child's relationship with the victim facilitated the act charged.
>
> (4) The child allegedly committed the act charged for hire or as a part of a gang or other organized criminal activity.

(5) The child had a firearm on or about the child's person or under the child's control at the time of the act charged, the act charged is not a violation of section 2923.12 of the Revised Code, and the child, during the commission of the act charged, allegedly used or displayed the firearm, brandished the firearm, or indicated that the child possessed a firearm.

(6) At the time of the act charged, the child was awaiting adjudication or disposition as a delinquent child, was under a community control sanction, or was on parole for a prior delinquent child adjudication or conviction.

(7) The results of any previous juvenile sanctions and programs indicate that rehabilitation of the child will not occur in the juvenile system.

(8) The child is emotionally, physically, or psychologically mature enough for the transfer.

(9) There is not sufficient time to rehabilitate the child within the juvenile system.

{¶ 10} R.C. 2152.12(E) sets forth the factors that a court must consider against transferring a juvenile:

(1) The victim induced or facilitated the act charged.

(2) The child acted under provocation in allegedly committing the act charged.

(3) The child was not the principal actor in the act charged, or, at the time of the act charged, the child was under the negative influence or coercion of another person.

(4) The child did not cause physical harm to any person or property, or have reasonable cause to believe that harm of that nature would occur, in allegedly committing the act charged.

(5) The child previously has not been adjudicated a delinquent child.

(6) The child is not emotionally, physically, or psychologically mature enough for the transfer.

(7) The child has a mental illness or is a mentally retarded person.

(8) There is sufficient time to rehabilitate the child within the juvenile system and the level of security available in the juvenile system provides a reasonable assurance of public safety.

{¶ 11} These statutes also allow for the trial court to consider any other relevant factors. *State v. Johnson*, 8th Dist. No. 99377, 2015-Ohio-96, ¶ 35.

## C. Analysis

{¶ 12} At the end of the hearing on the state's motion, the juvenile court went through the statutory factors and considered whether they applied to appellant's case. Specifically, the court noted the following R.C. 2152.12(D) factors that weighed in favor of a transfer: (1) the victim suffered emotional and economic harm due to appellant's stealing property and holding the victim up at gunpoint; (2) the harm was exacerbated because of the age of the victims, as all the victims were under 18 and one who had property taken was 12;[3] (3) appellant's relationship with the victim facilitated the offense, as appellant was friends with the victims of the second incident; (5) appellant had a gun with him during the offenses; and last, (8) appellant is emotionally, physically, and psychologically mature enough for a transfer. The trial court determined that the other four factors were not applicable. (Mot. Hearing at 47-51.) The trial court also considered appellant's behavior while in custody, which included two incident reports. *See* R.C. 2152.12(D) (juvenile court may consider other relevant factors). The juvenile court then considered the R.C. 2152.12(E) factors that weighed against transfer: (5) appellant had not previously been adjudicated a delinquent child; and (8) there was sufficient time to rehabilitate appellant in the juvenile system. *Id.* at 51-53. The juvenile court found that none of the other factors against a transfer were applicable.

{¶ 13} The juvenile court concluded that the factors were "overwhelmingly in favor of transfer" and, therefore, ordered that appellant's cases be transferred to the common pleas court for prosecution as an adult. Appellant argues that this decision was an abuse of discretion. Specifically, he argues that the juvenile court disregarded the statute's presumption to retain juveniles in the juvenile system and the expert opinion that appellant was amenable to treatment in the juvenile system. He also argues that the

---

[3] The juvenile court initially made reference to this factor but ultimately refused to apply it in its consideration.

juvenile court failed to consider whether juvenile dispositions would be able to rehabilitate him and how he would fare in the adult criminal system. We are not persuaded by appellant's arguments.

{¶ 14} First, appellant does not provide any legal support for his claim that these statutes contain a presumption in favor of retaining jurisdiction in the juvenile system. Although the juvenile court must always be mindful of the most important purpose behind the transfer determination, which is, "the assessment of the probability of rehabilitating the child within the juvenile justice system" *Phillips* at ¶ 39, citing *State v. Adams*, 69 Ohio St.2d 120, 123 (1982), neither this purpose nor R.C. 2152.12 itself create a presumption for the juvenile court to retain jurisdiction in these cases.

{¶ 15} Second, while the juvenile court disagreed with the expert's opinion regarding appellant's amenability for treatment, "the juvenile court is not bound by expert opinion, and may assign any weight to expert opinion that it deems appropriate." *State v. Reeder*, 10th Dist. No. 15AP-203, 2016-Ohio-212, ¶ 24 (affirming bindover where juvenile court disagreed with expert opinion about amenability); *Morgan* at ¶ 37 (same); *Allen* at ¶ 12 ("It is well-established that a juvenile court is not bound by expert opinions in determining the amenability of a juvenile.").

{¶ 16} Last, appellant argues that the juvenile court failed to consider the dispositional options within the juvenile system. Appellant's focus in this argument is the trial court's apparent finding that he could not be rehabilitated in the juvenile system in a timely manner and his insistence that the juvenile system is more appropriate for him as recommended by the opinion of his expert. The juvenile court, however, did find that there was enough time for appellant to be rehabilitated in the juvenile system and considered this as a factor weighing against transfer. (Mot. Hearing at 51.) Additionally, his disagreement with the transfer does not demonstrate that the juvenile court abused its discretion by rejecting the expert testimony and, instead, transferring appellant to the adult system. Appellant also argues that the juvenile court failed to consider how he would fare in the adult criminal system. We disagree. The juvenile court concluded that appellant was emotionally, physically, and psychologically mature enough for the

transfer.[4]  The juvenile court based this conclusion on Dr. Stinson's testimony indicating appellant had tested in the high range of maturity.  (Mot. Hearing at 20.)  This conclusion necessarily encompasses a consideration of how the trial court thought appellant would fare in the adult system.

{¶ 17}  For all these reasons, we overrule appellant's assignment of error.

## III.  Conclusion

{¶ 18}  The juvenile court properly and thoughtfully considered all the appropriate factors in determining whether appellant should be transferred to the common pleas court for prosecution.  As a result, its decision to transfer appellant to the adult system was not an abuse of discretion.  Accordingly, we overrule appellant's assignment of error and affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

BROWN and BRUNNER, JJ., concur.

———————————

[4] Appellant does not contest that finding per se, but rather presents a significant amount of outside information, such as law review articles and government publications, that he did not present to the juvenile court about how children generally react to transfers to the adult criminal system.  Because that information was not presented to the juvenile court, we will not consider it here.