## State v. Pamer
*[Cite as 8 AOA 466]*

*Case No. 2567*
*Wayne County, (9th)*
*Decided December 5, 1990*

*Christopher L. Greene, Asst. Prosecutor, 538 N. Market St., Wooster, Ohio 44691, for Plaintiff.*

*Thomas L. Flynn, 99 E. Ohio Ave., Box 116, Rittman, Ohio 44270, for Defendant.*

BAIRD, J.

This cause comes before the court upon the appeal of Mark Pamer from his conviction in the Wayne County Municipal Court on a charge of drug abuse for possession of mari-

juana, a fourth degree misdemeanor pursuant to R.C. 2925.11(A) and (C)(3).

In the early morning hours of March 7, 1990, deputies of the Wayne County sheriff's office responded to a call from Mrs. Pamer regarding a domestic disturbance at appellant's home. Upon their arrival at approximately 1:30 a.m., the deputies were met on the front porch of the house by appellant's daughters, ages eight and thirteen. The girls informed the deputies that both parents had left the house.

At the hearing on appellant's motion to suppress, a deputy testified that, because of the cold weather and the fact that the girls were in nightclothes, he then asked the girls if they could go inside the house for more questioning. The girls then turned around and led the deputies inside. The girls, however, testified that they were not asked for permission to enter, and that the deputies walked into the house approximately five to ten minutes after the girls returned indoors.

Once inside, the deputies saw marijuana in plain view near a cocktail table in the living room. When appellant's wife returned home from the safety of a neighbor's house, she informed the police that the marijuana belonged to her husband, and then opened the kitchen cupboard to show the deputies more of her husband's marijuana.

Appellant filed a pretrial motion to suppress the marijuana, alleging that it was the fruit of an illegal search and seizure. After an evidentiary hearing, the trial court overruled appellant's motion, whereupon appellant changed his plea to no contest. Appellant was found guilty and sentenced to thirty days in jail.

### Assignments of Error

"I. The court erred in ruling that the intrusion by the police into appellant's home and the subsequent discovery of marijuana was proper.

"II. The ruling by the trial court was against the manifest weight of the evidence."

Under the "plain view" exception to the Fourth Amendment warrant requirement, evidence of crime or contraband may be seized by police officers without a warrant if 1) the initial intrusion that afforded the authorities the plain view was lawful; 2) the discovery of the evidence was inadvertent; and 3) the incriminating nature of the evidence was immediately apparent. *State v. Williams*

(1978), 55 Ohio St. 2d 82, paragraph one of the syllabus; modified in part on other grounds, *State v. Halczyszak* (1986), 25 Ohio St. 3d 301. The sole issue raised by appellant is whether the police were lawfully on the premises when the plain-view discovery of the marijuana occurred.

Appellant asserts first that the state had the burden of proving that the Children had the authority to allow the officers to enter in order to establish their legitimate presence on the premises, citing *United States v. Matlock* (1974), 415 U.S. 164. In that case, the United States Supreme Court held that there must be proof that a third party who gives the police consent to *search* the premises of another must have "common authority over or other sufficient relationship to the premises" for such a search to be valid. *Id.* at 171.

Appellant's reliance on *Matlock* is misplaced, in that the present case involves the consent merely to *enter* the premises, and not the consent to search. Instead, we find that the disposition of the issue of consent to enter in the present case is better guided by *Davis v. United States* (9th Cir. 1964), 327 F.2d 301.

In *Davis*, police officers went to Davis's house to question him about his possible involvement in marijuana trafficking. They knocked, and Davis's eight year-old daughter opened the door. The officers informed the girl that they wished to speak to Davis, and she told them to come in. Once inside, the officers saw marijuana in plain view, and subsequently arrested Davis.

Rejecting Davis's claim that the daughter did not have authority to consent to the officers' entry, the court held that their entry was not an unlawful intrusion in violation of the Fourth Amendment. In reaching this conclusion, the court emphasized the fact that the intent of the officers was not to conduct a search of the premises, but merely to question Davis.

"*** The basis of appellant's contention that the officers did not have a valid consent which would authorize their entering the premises is that the child Pamela could not have given consent to the officers to enter the home. The cases which the appellant has urged in support of this contention *** are cases where the officers, without warrants, went to the premises for the purpose of search, and therein lies the difference between the factual situation in those cases and

the facts accepted by the trial court as decisive in the case before us.

"*** When the defendant was on the stand, he made no claim that Pamela's actions in opening the door or inviting the men in was in any way unusual or unauthorized, nor did Pamela testify that the opening of the door or telling the officers to come in was against the instructions of either of her parents. From all the evidence before it, the trial court was entitled to conclude then that her opening the door and invitation to enter were not unusual or unexpected or unauthorized acts. There was no evidence that the officers, in any way, suggested or requested an invitation to enter to search the house, or either by 'compulsion of authority' or by physically breaking or 'barging in', so much as even impliedly 'forced' their way inside defendant's home.***.

"This case is distinguished from all of the cases referred to by appellant, by the entirely peaceful and invited entry into the home, with no search or intent to search in the minds of the officers upon entry. However, once legally inside the room, the officers were not required to remain blind to the obvious.***." (citations omitted). *Davis, supra,* at 304-305.

Under the facts of the present case, where the police were called by appellant's wife to quell a domestic disturbance, where, upon their arrival, they found that both parents had apparently abandoned their home and their two minor children in the middle of the night, and where the only intent of the officers in seeking entry into the house was to afford the girls shelter in their own home while the officers continued to investigate the incident, we do not find that the officers' entry into the home was unlawful, nor that the children were without the authority to allow the officers to enter.

Next, appellant argues that the manifest weight of the evidence was against the finding that the children gave their consent for the officers to enter. The trial court found that the testimony of the children on this issue was not credible, and expressed the belief that their testimony was the result of duress by the father.

When there is a conflict in the testimony of witnesses, as here, it is for the trier of fact to determine the weight and credibility to be given such evidence. *State v. DeHass* (1967),

10 Ohio St. 2d 230, paragraph one of the syllabus. Such a determination must be made, not merely from the substance of the testimony, but from all facts and circumstances surrounding the testimony, particularly the manner and demeanor of the witnesses, which only the trier of fact can observe.

Upon review of the record, we find no error in the trial court's determination that the children consented to the entry by the police officers. Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

QUILLIN, P.J., and CIRIGLIANO, J., concur.