OPINION
Defendant-appellant, Jared Rammel, appeals a decision of the Madison County Municipal Court denying his motion to suppress.
In the evening of February 11, 1999, Patrolman Michael Albright of the London Police Department was dispatched to investigate a parking complaint reported by a resident on Elm Street in London, Ohio. The complaint concerned an alley being blocked by two vehicles. The Elm Street resident told the officer that the vehicles probably belonged to the residents of the house behind her on East High Street.
The officer walked across the back yard of the East High Street residence to the back door. As he was walking, he observed six to eight people in the kitchen. A young woman looked out the kitchen window, saw the officer approaching, and promptly disappeared. Thereafter, the officer observed "everybody inside the kitchen basically run like cockroaches * * * trying to run out of the kitchen." The officer then knocked on the door for three to five minutes. During that time, the officer noticed a strong odor of marijuana even though the back door and windows of the residence were not open. While knocking on the door, the officer observed appellant sitting at the kitchen table. Appellant eventually answered the door, stepped out onto the porch with the officer, and closed the door behind him very quickly.
The officer identified himself and informed appellant that he was there to investigate a parking complaint. The officer also told appellant that he could smell marijuana. Appellant did not say anything. At that point, the officer told appellant either "we need to go back in the kitchen" or "let's go back in the kitchen." Appellant "kind of squeaked out okay" and opened the door. Appellant and the officer stepped into the kitchen where "the fog of the marijuana was just intense." Once inside the kitchen, the officer observed, out in the open, marijuana and numerous items of drug paraphernalia.
Appellant was charged in March 1999 with a drug paraphernalia offense in violation of R.C. 2925.14, a fourth degree misdemeanor, and drug abuse in violation of R.C. 2925.11, a minor misdemeanor. On April 19, 1999, appellant filed a motion to suppress the evidence seized at the residence on the ground that the warrantless search of the residence violated his rights under theFourth Amendment of the United States Constitution. By entry filed May 21, 1999, the trial court denied appellant's motion to suppress on the ground that appellant's consent to the officer's entrance into the house led to the proper plain view discovery of the evidence by the officer.
On appeal, appellant raises as his sole assignment of error that the trial court erred by denying his motion to suppress the evidence seized as a result of a warrantless search of his residence. Appellant contends that his consent was "without substance, for it was not voluntarily given, but, rather, the product of mere acquiescence to a claim of lawful authority," and that as a result, all evidence subsequently seized should have been excluded.
When considering a motion to suppress evidence, the trial court serves as the trier of fact and is the primary judge of the weight of the evidence and the credibility of witnesses. State v.Fanning (1982), 1 Ohio St.3d 19, 20. When reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's findings if they are supported by competent, credible evidence, State v. McNamara (1997), 124 Ohio App.3d 706,710, and relies upon the trial court's ability to assess the credibility of witnesses. State v. Anderson (1995),100 Ohio App.3d 688, 691. An appellate court, however, reviews denovo whether the trial court applied the appropriate legal standard to the facts. Id.
Warrantless entries and searches of residences are presumptively unreasonable under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions. See Payton v. New York (1980), 445 U.S. 573,100 S.Ct. 1371. One such exception is plain view. See Coolidge v.New Hampshire (1971), 403 U.S. 443, 91 S.Ct. 2022.
Under the plain view exception to the Fourth Amendment warrant requirement, evidence of crime or contraband may be seized by police officers without a warrant if (1) the initial intrusion that afforded the authorities the plain view was lawful; (2) the discovery of the evidence was inadvertent; and (3) the incriminating nature of the evidence was immediately apparent.State v. Williams (1978), 55 Ohio St.2d 82, paragraph one of the syllabus. The sole issue raised by appellant on appeal is whether the police officer lawfully entered appellant's residence where the plain view discovery of the marijuana occurred. Thus, this case solely involves the consent to enter the premises, and not the consent to search. State v. Pamer (1990), 70 Ohio App.3d 540,542. "This distinction is not always carefully made." State v.Chapman (1994), 97 Ohio App.3d 687, 689.
Upon thoroughly reviewing the record, we find competent, credible evidence that supports the trial court's ruling that appellant voluntarily consented to the officer's entrance into the house. It is undisputed that the officer went to appellant's residence to investigate a parking complaint. The intent of the officer was thus not to conduct a search, but merely to question appellant. The record shows that after the police officer identified himself and the reasons for his presence, appellant not only assented to the officer's request that they go into the kitchen, but also opened up the door to allow the officer to go into the house. In addition, as the trial court stated, "[t]here seems to be no indication of coercion, duress or trickery involved * * * . [T]he Defense did not put on any evidence to suggest, nor did the Defendant testify, that the Defendant did anything other than voluntarily let the Officer enter his home."
When reviewing a trial court's decision on a motion to suppress, this court must defer to the trial court's factual findings provided they are supported by competent, credible evidence. McNamara, 124 Ohio App.3d at 710. We find that appellant's actions of saying "ok" to the officer and opening up the door for the officer is competent, credible evidence supporting the trial court's finding that appellant consented to the officer's entrance into the house. By serving as the trier of fact when considering a motion to suppress, the trial court is in the best position to resolve issues of fact and witness credibility. Fanning, 1 Ohio St.3d at 20. We will therefore not disturb the trial court's finding that the officer entered appellant's residence with consent despite appellant's contention to the contrary.
We therefore find that the officer lawfully entered appellant's residence. Once legally inside appellant's residence, the officer was "not required to remain blind to the obvious." Pamer,70 Ohio App.3d at 543. We therefore hold that the trial court did not err in denying appellant's motion to suppress. Appellant's sole assignment of error is overruled.
POWELL, P.J., concurs.
VALEN, J., concurs separately.