[Cite as *State v. Preston*, 2012-Ohio-6176.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-05-036 |
| | : | O P I N I O N |
| - vs - | | 12/28/2012 |
| | : | |
| THOMAS C. PRESTON II, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2012CRB0631

Donald W. White, Clermont County Prosecuting Attorney, David H. Hoffmann, 123 North Third Street, Batavia, Ohio 45103, for plaintiff-appellee

R. Daniel Hannon, Clermont County Public Defender, Robert F. Benintendi, 10 South Third Street, Batavia, Ohio 45103, for defendant-appellant

**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Thomas Preston, appeals from his conviction in the Clermont County Municipal Court for possession of drug paraphernalia. For the reasons stated below, we affirm the decision of the municipal court.

{¶ 2} On January 28, 2012, Officer Robert Hirsch of the Miami Township Police Department was dispatched to Orchard Lake Mobile Home Park in Clermont County, Ohio, to

respond to complaints that appellant's dog was running loose throughout the park and defecating in neighbors' yards. Upon arrival, Officer Hirsch knocked on appellant's door, at which time appellant's 13-year-old son, Mason, answered. Officer Hirsch asked Mason whether his parents were home, and Mason responded affirmatively, nodding toward the back. Officer Hirsch then asked Mason if he could step inside, to which Mason responded, "I guess." When Officer Hirsch entered the home, he noted the odor of freshly burnt marijuana. At that point, appellant emerged from a back room and immediately asked Officer Hirsch to leave. Both men then stepped outside to speak privately.

{¶ 3}   Once outside, Officer Hirsch questioned appellant about the smell of marijuana and told appellant that he could return with a search warrant for the residence to search the home for drugs. Appellant then admitted to smoking marijuana inside the home and turned over the drugs, along with a pipe and some rolling papers.

{¶ 4}   Appellant was subsequently charged with possession of less than 100 grams of marijuana in violation of R.C. 2925.11(A)(C)(3)(a), a minor misdemeanor, and illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree. Prior to trial, appellant moved to suppress the evidence based upon an illegal search. Following a suppression hearing, the municipal court denied appellant's motion. Thereafter, appellant pled no contest to possession of drug paraphernalia and the state dismissed the possession of marijuana charge. The court sentenced appellant to ten days in the Clermont County jail with ten days suspended and one year of probation.

{¶ 5}   Appellant timely appeals, raising two assignments of error for review.

{¶ 6}   Assignment of Error No. 1:

{¶ 7}   THE MUNICIPAL COURT ERRED IN FINDING THAT APPELLANT'S TEENAGE SON HAD AUTHORITY TO CONSENT TO OFFICER HIRSCH'S ENTRY INTO THE RESIDENCE.

- 2 -

{¶ 8} In his first assignment of error, appellant claims that the municipal court erred in finding that appellant's 13-year-old son, Mason, had the authority to grant police entry into the residence. However, appellant's written motion to suppress was generic and did not specifically raise this issue, nor did appellant's attorney raise it during the suppression hearing. Instead, trial counsel only raised the following two arguments: (1) that Officer Hirsch did not have probable cause to enter appellant's home, and (2) that Mason's consent to enter the residence was not voluntary.

{¶ 9} The Supreme Court of Ohio has held that an accused who seeks the suppression of evidence obtained during a warrantless search or seizure must "raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge." *Xenia v. Wallace*, 37 Ohio St.3d 216 (1988), paragraph one of the syllabus. *See also State v. Mixner*, 12th Dist. No. CA2001-07-074, 2002 WL 83742, * 3 (Jan. 22, 2002) ("if a motion is not filed raising a particular suppression issue, that issue is waived").

{¶ 10} Because appellant did not raise the issue of his son's authority to consent below, we decline to address it for the first time on appeal.

{¶ 11} Appellant's first assignment of error is overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE MUNICIPAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS AS THE CONSENT TO ENTER ACQUIRED FROM APPELLANT'S TEENAGE SON WAS NOT VOLUNTARY.

{¶ 14} Appellant next argues that the municipal court erred when it overruled his motion to suppress because his son did not voluntarily give consent for Officer Hirsch to enter the home.

{¶ 15} Appellate review of a ruling on a motion to suppress presents a mixed question

of law and fact. *State v. Jimenez*, 12th Dist. No. CA2011-09-103, 2012-Ohio-3318, ¶ 8. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence in order to resolve factual questions and evaluate witness credibility. *Id.* In turn, the appellate court must accept the trial court's findings of fact so long as they are supported by competent, credible evidence. *Id.*, citing *State v. Lange*, 12th Dist. No. CA2007-09-232, 2008-Ohio-3595, ¶ 4. After accepting the trial court's factual findings as true, the appellate court must then determine, as a matter of law, and without deferring to the trial court's conclusions, whether the trial court applied the appropriate legal standard. *Jimenez* at ¶ 8, citing *State v. Forbes*, 12th Dist. No. CA2007-01-001, 2007-Ohio-6412, ¶ 29.

{¶ 16} Here, it is undisputed that Officer Hirsch did not have a warrant authorizing him to enter appellant's home. Warrantless home entries are presumptively unreasonable. *State v. Gunn*, 12th Dist. No. CA2003-10-035, 2004-Ohio-6665, ¶ 19, citing *State v. Nields*, 93 Ohio St.3d 6, 15 (2001). The burden is on the state to overcome the presumption by demonstrating that the entry fell within one of the well-recognized exceptions to the warrant requirement. *See State v. Kessler*, 53 Ohio St.2d 204, 207 (1978).

{¶ 17} One of the established exceptions to the warrant requirement is when an officer's entry into a home is authorized by the voluntary consent of the occupant. *Gunn*, 2004-Ohio-6665 at ¶ 20, citing *Illinois v. Rodriguez*, 497 U.S. 177, 180, 110 S.Ct. 2793 (1990). The issue of whether consent was voluntarily given is an issue of fact to be determined based on the totality of circumstances. *Gunn* at ¶ 20, citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 227, 93 S.Ct. 2041 (1973). The state has the burden of proving that consent was freely and voluntarily given. *Gunn* at ¶ 20, citing *Bumper v. North Carolina*, 391 U.S. 543, 548, 88 S.Ct. 1788 (1968).

{¶ 18} In this case, the municipal court found that Officer Hirsch's entry into appellant's home was "consensual and therefore lawful." The court explained that Officer Hirsch asked

permission from Mason, who identified himself as a resident of the home. The court noted that Mason himself testified that he told Officer Hirsch "I guess" when the officer asked to come in. The court found that "[a]ny reasonable officer would interpret that response as an assent to the request to enter." We must now determine whether there is competent, credible evidence in the record supporting the municipal court's factual finding of consent, based on the totality of the circumstances.

{¶ 19} Initially, we find it important to note that that this case merely involves consent to *enter* the home, and not consent to *search* the home. During the suppression hearing, Officer Hirsch clearly testified that he did not intend to search appellant's house for drugs, but that he simply wanted to speak to appellant regarding his failure to restrain his dog. Appellant's son, Mason, even testified that Officer Hirsch did not appear to be "looking around" for anything while he was inside.

{¶ 20} The distinction between consent to search and consent to enter a home is not always carefully made. *State v. Lawson*, 12th Dist. No. CA2009-08-020, 2010-Ohio-1103, ¶ 9, citing *Gunn*, 2004-Ohio-6665 at ¶ 22. *See also State v. Rammel*, 12th Dist. No. CA99-10-023, 2000 WL 1336493 (Sept. 18, 2000); *State v. Simmons*, 4th Dist. No. 05CA4, 2006-Ohio-953, ¶ 28. "When the intent of the officer is not to search, but merely to enter and ask questions, courts have applied a lower standard for proving voluntary consent." *Gunn* at ¶ 22, citing *State v. Chapman*, 97 Ohio App.3d 687, 689-690 (1st Dist.1994); *Akron v. Harris*, 93 Ohio App.3d 378, 382 (9th Dist.1994).

{¶ 21} In this case, we find that Officer Hirsch's entry into appellant's home was valid based upon Mason's consent.

{¶ 22} During the suppression hearing, Officer Hirsch testified that when Mason answered the door, he asked Mason whether he lived there and if his parents were home. Mason responded affirmatively and indicated that his parents were in the back. Officer

- 5 -

Hirsch then asked Mason if he could step inside, to which Mason responded, "I guess." Officer Hirsch also testified that he did not, in any way, physically pressure Mason into allowing him inside the house.

{¶ 23} However, Mason offered conflicting testimony as to his interaction with Officer Hirsch prior to allowing the officer into the home. Mason testified that when Officer Hirsch asked to come inside, he responded, "I guess," but what he really meant was "I don't know." Mason also testified that he was about to say "let me go get my dad," but before he could do so, Officer Hirsch came in the door, causing Mason to step aside in order to avoid making physical contact with the officer.

{¶ 24} When there is a conflict in the testimony of witnesses, as here, it is for the trier of fact to determine the weight and credibility to be given such evidence. *See State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. "Such a determination must be made, not merely from the substance of the testimony, but from all facts and circumstances surrounding the testimony, particularly the manner and demeanor of the witnesses, which only the trier of fact can observe." *State v. Pamer*, 70 Ohio App.3d 540, 543 (9th Dist.1990). *See also Jimenez*, 2012-Ohio-3318, at ¶ 8; *Rammel*, 2000 WL 1336493 at * 2. We find that there is competent, credible evidence to support the municipal court's finding that, based on the totality of the circumstances, Mason voluntarily consented to Officer Hirsch's entry into the home. While Mason testified that he was hesitant or unsure of whether to allow Officer Hirsch inside, it was within the court's power to believe the officer's take on the interaction, and the record supports the court's decision.

{¶ 25} Because Officer Hirsch had Mason's consent, he could lawfully enter the home. Once legally inside, Officer Hirsch was "not required to remain blind to the obvious," or ignore the characteristic odor of marijuana. *Rammel* at * 2, quoting *Pamer* at 543. Appellant does not claim that Officer Hirsch was not qualified to detect the smell of

marijuana, nor does he claim that the smell was insufficient to create probable cause to justify a search.[1] *See State v. Moore*, 90 Ohio St.3d 47, 51 (2000) ("a law enforcement officer, who is trained and experienced in the detection of marijuana, should not be prohibited from relying on his or her sense of smell to justify probable cause to conduct a search for marijuana").  As a result, we find no violation of appellant's constitutional rights.

{¶ 26} Accordingly, the municipal court did not err in denying appellant's motion to suppress.

{¶ 27} Appellant's second assignment of error is overruled.

{¶ 28} Judgment affirmed.


PIPER and BRESSLER, JJ., concur.


Bressler, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.

---

1. During the suppression hearing, Officer Hirsch testified regarding his extensive training and experience in identifying and detecting the smell of marijuana.