[Cite as *State v. Schuster*, 2013-Ohio-452.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2012-06-042 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>2/11/2013 |
| - vs - | : | |
| | : | |
| ROBERT L. SCHUSTER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2002CRB5687

D. Vincent Faris, Clermont County Prosecuting Attorney, David Hoffmann, 123 North Third Street, Batavia, Ohio 45103-3033, for plaintiff-appellee

John Woliver, 204 North Street, Batavia, Ohio 45103, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Robert Schuster, appeals a decision of the Clermont County Municipal Court denying his application to seal the record of his vehicular manslaughter conviction.

{¶ 2} In April 2002, appellant was driving eastbound on State Route 125 when he suddenly blacked out, went left of center, and struck a vehicle in the westbound lane. The collision caused the death of an 11-year-old girl who was a passenger in the other vehicle.

Appellant's urine drug screen following the collision revealed the presence of a large amount of THC metabolites, which indicated marijuana use. For unknown reasons, the drug screen was never used by the state in the prosecution of the case.

{¶ 3} At his arraignment on October 24, 2002, appellant pleaded no contest to, and was found guilty of, vehicular manslaughter in violation of R.C. 2903.06(A)(4), a misdemeanor of the second degree. In a presentence investigative report (PSI), appellant told a probation officer he had used marijuana infrequently years ago but denied he was currently using it, attributed his pre-crash fainting to a condition called Vasovagal Syncope, and stated this was the only fainting episode he had had.[1] He was sentenced to 90 days in jail, which was suspended, had his driving privileges suspended for two years, was ordered to perform 80 hours of community service, and was placed on probation for two years. On January 8, 2004, upon a motion filed by appellant, the trial court terminated the driver's license suspension.

{¶ 4} In December 2011, appellant filed an application to seal the record of his conviction pursuant to R.C. 2953.32. The state opposed the application, arguing that given appellant's urine screen at the time of the crash, he could have been convicted of a more serious offense under the current law in Ohio, and that such offense would not be expungeable.

{¶ 5} A hearing was held. Appellant did not testify. He explained he wanted his record sealed because (1) "vindictive letters" were sent to certain officials of the high school his daughter attended, making reference to the offense, (2) as a result of the letters, he was no longer allowed to volunteer at the high school, and (3) he was concerned it might affect his employment. When the trial court inquired about his 2002 urine screen, appellant stated,

---

1. Vasovagal Syncope is the most common type of fainting episode. The term "Vasovagal" is improperly spelled "Vasovogel" in the trial court's decision and "Vasovagel" in the 2002 PSI.

"I didn't understand the test at the time and I still don't understand what happened with it." The trial court then directly asked, "You understood at the time that you were using marijuana, is that correct?" Appellant replied, "I did in the past, yes."

{¶ 6} On May 4, 2012, the trial court denied appellant's application, stating:

> The Court finds that this case should not be sealed because it is part of an historical record of events that are still controversial in the community. The Court finds that sealing the record would further obscure the facts of the case and tend to cover up the true facts of the case. An expungement tends to be a reward for committing only one offense and leading an exemplary life for a period of time after a conviction. The facts of this case do not form the basis for an expungement reward. The public has a right to know about Mr. Schuster's past, and the degree of his rehabilitation. Based on all of the facts and the foregoing reasons, Mr. Schuster has not been rehabilitated to the satisfaction of the Court because he has not accounted for his marijuana use. It is therefore, found that the Defendant has failed to meet his burden of proof, and the Application for Expungement is denied.

{¶ 7} Appellant appeals, raising two assignments of error which will be addressed together.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S APPLICATION TO HAVE THE RECORD OF HIS CONVICTION SEALED.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL COURT COMMITTED ERROR BY DENYING APPELLANT'S APPLICATION TO SEAL HIS RECORD BY CONSIDERING AND SPECULATING ON FACTS OUTSIDE THE STATUTORY CRITERIA IN R.C. 2953.32.

{¶ 12} Appellant argues that the trial court abused its discretion in denying his application because the court improperly considered his alleged marijuana use at the time of the crash and his failure to account for such use. Alternatively, appellant argues the trial court committed an error of law in denying his application because the court improperly

considered his alleged marijuana use at the time of the crash and his failure to account for such use. Appellant also argues that the trial court erred in considering what charges could have been filed against him under the current law had the accident occurred in 2012.

{¶ 13} Convicted eligible offenders may seek sealing of their criminal records under R.C. 2953.32. "[E]xpungement is a privilege and not a right." *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6. "Expungement is accomplished by eliminating the general public's access to conviction information. Accordingly, expungement should be granted only when an applicant meets all the requirements for eligibility set forth in R.C. 2953.32." *State v. Hamilton*, 75 Ohio St.3d 636, 640 (1996).

{¶ 14} Under R.C. 2953.32(C), if a trial court finds that the applicant is an eligible offender, that there are no criminal proceedings pending against him, that the applicant has been rehabilitated to the court's satisfaction, and that there is not a legitimate governmental need to maintain the record which outweighs the interest of the applicant in having his record sealed, the court shall order the applicant's record sealed. Not every applicant, however, is entitled to have his record sealed. *State v. Mastin*, 83 Ohio App.3d 814, 816 (3d Dist.1992).

{¶ 15} A trial court has broad discretion in ruling on an application filed pursuant to R.C. 2953.32. *See State v. McGinnis*, 90 Ohio App.3d 479 (4th Dist.1993). A trial court's decision to deny such an application will not be disturbed on appeal absent a showing the trial court abused its discretion. *State v. Abdullah*, 12th Dist. No. CA98-08-065, 1999 WL 250259, *2 (Apr. 26, 1999). An abuse of discretion is more than an error of law or judgment and implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Id.*

{¶ 16} We first address appellant's claim that the trial court erred in considering what charges could have been filed against him under the current law had the accident occurred in 2012.

{¶ 17} In its decision, the trial court indicated that based on appellant's urine screen

results, "[i]f the case had been prosecuted under current law, the offense would have been a felony of the second degree, an Aggravated Vehicular Homicide based on an OVI resulting from the use of marijuana, a drug of abuse[,]" and that such offense would not be expungeable. The trial court's mention of possible charges under the current law was in response to an argument made by the state in its memorandum opposing appellant's application. *See* R.C. 2953.32(C)(1)(d). Upon review of the trial court's decision, we find there is nothing to suggest that the trial court based its decision on what charges could have been brought under the current law. Further, the trial court specifically stated, "The Court accepts the Prosecutor's discretion and the law at the time of the offense. The primary focus of the Court's concern is the community discussion, and the acceptance of responsibility by the Defendant."

{¶ 18} Next, appellant argues that the trial court abused its discretion and committed an error of law in denying his application because it improperly considered his alleged marijuana use at the time of the crash and his failure to account for such use. We disagree.

{¶ 19} The trial court found that appellant was not rehabilitated to the satisfaction of the court, and that his interest in having his record of conviction sealed was not outweighed by the legitimate needs of the government to maintain the record. These determinations by the trial court are discretionary. *See State v. Napier*, 12th Dist. No. CA98-04-048, 1998 WL 730890 (Oct. 19, 1998). In addition, the issue of rehabilitation bears a degree of subjectivity by its very terms, requiring great deference to the trial court on the part of a reviewing court. *State v. Brooks*, 2d Dist. No. 25033, 2012-Ohio-3278, ¶ 15.

{¶ 20} Specifically, the trial court found that (1) appellant's marijuana use was not "accounted for and ruled out as a cause of the accident, as part of appellant's medical diagnosis," (2) appellant has not explained nor accounted for the fact that a significant amount of marijuana metabolites was found in his system in a urine test at the time of the

crash, (3) appellant's failure to account for the use of marijuana as a cause of the crash and his denial he had used marijuana at the time of the crash were noted in 2002 to be lies by a probation officer, (4) appellant's 2002 sentence was perceived by the community to be lenient (appellant served no jail time and his two-year license suspension was reduced to about one year) and became a subject of public controversy, (5) the case is still actively discussed and continues to be in controversy in the community ten years later, especially because of appellant's failure to account for his marijuana use and to take full responsibility for the facts, (6) given appellant's urine drug screen at the time of the crash, the offense was more serious than the average vehicular manslaughter, and (7) sealing the record would obscure the facts of the case to the public and tend to cover up the true facts of the case.[2]

{¶ 21} Appellant is correct that his marijuana use was not an element of the offense he was charged with and convicted of in 2002. However, given the results of the urine drug screen and his admitted use in the past, appellant's marijuana use was clearly a significant circumstance surrounding the offense. As noted by the trial court, appellant has never explained nor accounted for the fact a large amount of marijuana metabolites was found in his urine at the time of the crash. The fact it was not an element of the offense does not mean the trial court cannot consider or must ignore the circumstances of the offense in applying R.C. 2953.32.

{¶ 22} In his application and at the hearing, appellant summarily asserted that he "has been properly rehabilitated." As noted earlier, a trial court must find that an applicant has been rehabilitated *to the satisfaction of the court*, not simply that he has been rehabilitated. Appellant offered no evidence he is rehabilitated. He did not present any evidence of his

---

2. In the 2002 PSI, the probation officer noted in his recommendations that a Vasovagal attack is known as a simple faint and that some of the causes listed for fainting are drug or alcohol use. In its decision, the trial court stated, "It must be inferred that he also denied the use of marijuana in relation to his medical diagnosis of Vasovogel Syncope." (sic)

current situation, beyond the required proof he has not committed a subsequent offense. He did not offer any evidence of his good citizenship in the community, and in particular, of being currently drug free. *See State v. Mahaney*, 11th Dist. No. 12-208, 1988 WL 85913 (Aug. 12, 1988) (affirming denial of expungement due to a lack of rehabilitation evidence). We also note that when specifically asked about his marijuana use at the time of the crash, appellant did not directly answer the trial court's question. Rather, he replied he had used marijuana in the past. The trial court was able to hear appellant and observe his demeanor, putting the court in a much better position to evaluate whether appellant was rehabilitated.

{¶ 23} Appellant cites two cases in support of his argument, *State v. Poole*, 5th Dist. No. 10-CA-21, 2011-Ohio-2956, and *State v. Auge*, 10th Dist. No. 01AP-1272, 2002-Ohio-3061. We find that the two cases are distinguishable and not applicable to the case at bar.

{¶ 24} In *Poole*, a trial court denied an application to seal the record of a vehicular manslaughter conviction (the one-car accident resulted in the death of a passenger). The circumstances surrounding the offense were not described. The Fifth Appellate District reversed the denial on the ground the trial court summarily and categorically denied the application based solely on the nature of the offense, without making any findings as required by R.C. 2953.32. *Poole* at ¶ 40. In the case at bar, unlike in *Poole*, the trial court considered the factors under R.C. 2953.32(C), weighed the competing interests, and made findings with regard to the factors as required under R.C. 2953.32(C)(1).

{¶ 25} In *Auge*, a trial court denied a physician's application to seal the record of his jury conviction for illegal processing of drug documents. At his trial, the physician testified in his own behalf and denied he committed the offense. The trial court found that in light of his refusal to admit guilt at the expungement hearing, the physician had not been rehabilitated. The Tenth Appellate District reversed the trial court's decision. The appellate court first found that contrary to the trial court's factual finding, the physician admitted guilt three times during

the expungement hearing. *Auge*, 2002-Ohio-3061 at ¶ 69, 76.

**{¶ 26}** The appellate court further found that the "trial court erred as a matter of law by holding that [the physician] could not be found to be 'rehabilitated' within the meaning of R.C. 2953.52 in the absence of an express acknowledgment of his trial testimony as being false." [sic] *Id.* at ¶ 76. The appellate court disapproved of the trial court's implicit determination that "as a matter of law, a defendant who exercises his or her right to a trial, testifies that he or she is innocent, and is found guilty of the offense, can never be deemed 'rehabilitated' if that person does not expressly state his or her trial testimony was false." *Id.* at ¶ 71. Finally, in applying R.C. 2953.32(C)(1)(e), the appellate court emphasized the physician's impressive evidence of his good character following his conviction.

**{¶ 27}** Unlike in *Auge*, there is a dearth of evidence in the case at bar as to appellant's rehabilitation and good character since his 2002 conviction. Appellant pleaded no contest and thus never testified before a jury. The record does not indicate if appellant made any statements before he entered his no contest plea. Appellant has never explained nor accounted for the fact that a significant amount of marijuana metabolites was found in his urine at the time of the crash. At the hearing, he refused to address whether it was true he was using marijuana at the time of the accident. Drug use is a legitimate issue in the case at bar that remains unresolved due to appellant's continued refusal to address his marijuana use at the time of his accident and the lack of any evidence appellant is currently drug free.

**{¶ 28}** In its decision, the trial court also found that the case was and remains a subject of public controversy, in part because of the charges that were filed against appellant and the sentence he received upon conviction. This is a factor to be considered by the trial court when weighing the interest of the applicant in having the record of his conviction sealed against the legitimate needs of the government to maintain those records. R.C. 2953.32(C)(1)(e). The manner in which a criminal defendant is charged and sentenced

relates to the proper functioning of the criminal justice system and is an important and appropriate subject of public discourse. Sealing appellant's record would impede the public in its review of the manner in which this matter was handled. Sealing the record would not erase public consciousness of the event and therefore would imperfectly accomplish the ends sought by appellant in filing the application. It was neither an abuse of discretion nor an error of law for the trial court to determine that the legitimate needs of the government in the maintenance of these records outweighed appellant's interest in having the records sealed.

{¶ 29} In light of all of the foregoing, we find that the trial court did not commit an error of law or abuse its discretion in denying appellant's application to seal the record of his vehicular manslaughter conviction. Appellant's two assignments of error are overruled.

{¶ 30} Judgment affirmed.

HENDRICKSON, P.J. and S. POWELL, J., concur.