[Cite as *State v. Castle*, 2015-Ohio-4449.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2015-05-094 |
| | : | O P I N I O N |
| - vs - | | 10/26/2015 |
| | : | |
| DAVID J. CASTLE, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2010-04-0571


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

David J. Castle, #A637715, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se


**RINGLAND, J.**

{¶ 1}   Defendant-appellant, David J. Castle, appeals a decision of the Butler County Court of Common Pleas denying his motion for resentencing.  For the reasons set forth below, we affirm the trial court's decision.

{¶ 2}   Castle was indicted on numerous sex offenses involving minors.  He subsequently reached a plea agreement and was sentenced to an aggregate term of ten

years in prison. Castle directly appealed his conviction and sentence to this court. Castle's counsel then filed a motion to withdraw the appeal. This court granted that motion on February 9, 2011, and dismissed the appeal with prejudice. *State v. Castle*, 12th Dist. Butler No. CA2010-09-252 (Feb. 9, 2011) (Entry of Dismissal).

{¶ 3} Three years later, Castle filed a motion to correct sentence. The trial court denied that motion and this court affirmed the decision on the basis that it was an untimely postconviction relief petition and was further barred by the doctrine of res judicata. *State v. Castle*, 12th Dist. Butler No. CA2014-05-097 (Feb. 2, 2015) (Accelerated Calendar Judgment Entry).

{¶ 4} Castle then filed a motion for resentencing of void judgment with the lower court. Within the motion, Castle argued that his sentence was void because he was not informed at his sentencing hearing that he may be subject to community service if he fails to pay mandatory court costs. The trial court denied Castle's motion.

{¶ 5} Castle now appeals that decision, raising two assignments of error for our review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS.

{¶ 8} Castle argues that his counsel was ineffective by failing to consult with him and by dismissing his appeal without his knowledge or consent.

{¶ 9} However, because Castle did not raise the issue of ineffective assistance of counsel in the motion for resentencing below, we decline to address it for the first time on appeal. *State v. Preston*, 12th Dist. Clermont No. CA2012-05-036, 2012-Ohio-6176, ¶ 10.

{¶ 10} Accordingly, Castle's first assignment of error is overruled.

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE COURT FAILED TO COMPLY WITH THE LEGISLATIVE MANDATES OF THE GENERAL ASSEMBLY.

{¶ 13} Within this assignment of error, Castle argues that his sentence is void because the trial court failed to advise him of court costs, or that he may be required to perform community service in lieu of court costs.

{¶ 14} Pursuant to R.C. 2953.21(A)(2), a convicted defendant who does not file a direct appeal has 180 days after the expiration of the time for filing an appeal to file a timely petition for postconviction relief. In the present case, Castle's petition for postconviction relief is well outside the 180-day window.[1] Accordingly, Castle's petition is untimely.

{¶ 15} While we recognize that a void judgment may be challenged at any time, a trial court's failure to properly advise a defendant as to court costs or community service in lieu of court costs does not render a judgment void. *E.g.*, *State v. Graham*, 12th Dist. Warren No. CA2014-04-062, 2015-Ohio-576, ¶ 14. Therefore, the 180-day window to timely file a postconviction petition applies in the present case, and Castle's petition is untimely. Furthermore, Castle's argument is barred by the doctrine of res judicata. "Under the doctrine of res judicata, a defendant cannot raise an issue in a postconviction petition if he or she raised or could have raised the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment." *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996); and *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 16} Having found that Castle's postconviction relief petition was untimely filed and further barred by the doctrine of res judicata, Castle's second assignment of error is overruled.

---

1. While not applicable to the present case, R.C. 2953.21(A)(2) was revised on March 23, 2015 to allow a petitioner 365 days to file a postconviction relief petition.

{¶ **17**} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.