[Cite as *State v. Thompson*, 2016-Ohio-2895.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2015-09-083 |
| | : | O P I N I O N |
| - vs - | | 5/9/2016 |
| | : | |
| JAMES S. THOMPSON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT
Case No. 2007 CRB 432

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

David A. Chicarelli, 614 East Second Street, Franklin, Ohio 45005, for defendant-appellant

**PIPER, P.J.**

{¶ 1}   Defendant-appellant, James Thompson, appeals a decision of the Warren County Court of Common pleas denying, in part, Thompson's motion to expunge and seal his criminal record.

{¶ 2}   When Thompson was 15 years old, he and his father engaged in a verbal argument.  Thompson's father called police, and Thompson was charged with misdemeanor domestic violence, prohibition, and menacing.  Thompson admitted to the charges, and he

was adjudicated a delinquent child. Three years later, Thompson and his brother exchanged hostile text messages, and agreed to fight each other. When Thompson arrived at his brother's house, the police were called, and Thompson was charged with domestic violence and telephone harassment. While the telephone harassment charge was later dismissed, Thompson pled guilty to the domestic violence charge.

{¶ 3} Since the time of Thompson's conviction, he graduated from high school, graduated from the Ohio State University, and has been honorably discharged from the United States Army. Thompson has not engaged in any other criminal behavior since his last domestic violence conviction. As such, Thompson moved the court to expunge his criminal record. The trial court held a hearing on the motion, and granted the motion as it pertained to the telephone harassment charge that was dismissed, but denied the motion in regard to the domestic violence conviction. Thompson now appeals the trial court's decision, raising the following assignment of error.

{¶ 4} THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S MOTION FOR EXPUNGMENT [sic] AND TO SEAL RECORDS CONTRARY TO PUBLIC POLICY.

{¶ 5} Thompson argues in his sole assignment of error that the trial court erred in denying his motion to expunge and seal the record regarding his domestic violence conviction.

{¶ 6} Convicted eligible offenders may seek sealing of their criminal records pursuant to R.C. 2953.32. However, expungement is a privilege rather than a right. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6. "Expungement is accomplished by eliminating the general public's access to conviction information. Accordingly, expungement should be granted only when an applicant meets all the requirements for eligibility set forth in R.C. 2953.32." *State v. Hamilton*, 75 Ohio St.3d 636, 640 (1996).

{¶ 7} The court shall order the applicant's record sealed if it finds that the applicant is

an eligible offender, there are no criminal proceedings pending against him, the applicant has been rehabilitated to the court's satisfaction, and there is not a legitimate governmental need to maintain the record that outweighs the interest of the applicant in having his record sealed. R.C. 2953.32(C). Not every applicant, however, is entitled to have his record sealed. *State v. Schuster*, 12th Dist. Clermont No. CA2012-06-042, 2013-Ohio-452.

{¶ 8} A trial court has broad discretion in ruling on an application for expungement. *Id.* A trial court's decision to deny such an application will not be disturbed on appeal absent a showing the trial court abused its discretion. *Id.* An abuse of discretion is more than an error of law or judgment and implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Id.*

{¶ 9} In an attempt to demonstrate that the trial court abused its discretion in denying his application for expungement as it related to the domestic violence charge, Thompson argues that he was unrepresented when he was a juvenile and admitted guilt to his first domestic violence charge. Thompson further argues that the juvenile court should have appointed a guardian ad litem ("GAL") to represent his interests at the time he was brought before the juvenile court.

{¶ 10} However, these arguments fail to demonstrate that the trial court abused its discretion in denying Thompson's request to expunge his adult record of domestic violence. Instead, the proper time for Thompson to have argued that his rights were violated by the juvenile court's failure to appoint counsel or a GAL was in a direct appeal after he admitted the domestic violence.

{¶ 11} Moreover, Thompson now asks this court to consider for the first time his argument that his rights were violated as a juvenile, which we decline to do. *State v. Castle*, 12th Dist. Butler No. CA2015-05-094, 2015-Ohio-4449. The record indicates that Thompson filed his application for expungement and stated that he deserved expungement because he

- 3 -

had since reconciled with his brother, as well as his having graduated from college and being honorably discharged from the Army. Thompson stated that he was applying for graduate school admission, and wanted his charges and conviction expunged so that that his criminal history would "not impact his ability to be accepted to the school of his choice." However, there is no indication that Thompson ever raised the circumstances of his juvenile proceedings in his application to expunge or in arguments before the trial court.

{¶ 12} While the record indicates that the trial court held a hearing on the matter, we are unaware of what occurred at the hearing or what arguments were raised by Thompson. Although Thompson may have addressed the earlier juvenile proceedings with the trial court, the record does not indicate as much because Thompson did not provide this court with a transcript of the proceedings. Therefore, we cannot rely on Thompson's arguments on appeal that the trial court abused its discretion by not affording enough weight to the fact that he was unrepresented by counsel or a GAL when he first admitted guilt to domestic violence as a 15 year old. *See State v. Berrien*, 12th Dist. Clinton No. CA2015-02-004, 2015-Ohio-4450 (because the appellant bears the burden of showing error in the underlying proceeding by reference to matters in the record, the appellant has a duty to provide a transcript for appellate review).

{¶ 13} When applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *State v. Haddix*, 12th Dist. Warren No. CA2011-07-075, 2012-Ohio-2687, ¶ 10. While we commend Thompson for the strides he has made to graduate from college, serve his country, reconcile with family, and avoid further criminal charges, we are confined to affirm the trial court's decision absent an abuse of discretion.

{¶ 14} Even if the trial court considered that Thompson was unrepresented as a juvenile, Thompson's juvenile history does not change the fact that the trial court has the discretion to decide if expungement is warranted. Nor does Thompson being unrepresented

as a juvenile demonstrate in this case that the trial court abused its discretion by denying his application for expungement. As such, Thompson's assignment of error is overruled.

{¶ 15} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.