[Cite as *State v. Rice*, 2016-Ohio-5372.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                                     :

      Plaintiff-Appellee,                       :

- vs -

DEMETRIUS SCOTT RICE,                     :

      Defendant-Appellant.                     :

CASE NO. CA2016-01-005

O P I N I O N
8/15/2016

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-04-0574

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Charlyn Bohland, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Demetrius Rice, appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, determining that he was not amenable to treatment as a juvenile, as well as the jail-time credit awarded him upon sentencing.

{¶ 2} Rice, who was 17 at the time of his crime, robbed a man of his wallet as the victim stepped outside of his workplace in West Chester, Ohio. During the robbery, Rice

pointed a loaded and operational semiautomatic handgun at the victim's head. Police apprehended Rice and his accomplice a few miles from the robbery scene, and Rice was in possession of marijuana and a prescription pill at the time of his capture.

{¶ 3} Rice appeared before the Butler County Juvenile Court for a probable cause hearing, and the juvenile court found that a mandatory bind-over to the common pleas court was proper. Thereafter, Rice was indicted for aggravated robbery and an accompanying firearm specification. Rice pled guilty to an amended charge of robbery and the accompanying firearm specification. The trial court sentenced Rice to an aggregate six-year prison term, but stayed the sentence and transferred the case back to the juvenile court for possible disposition because the amended charge of robbery did not require a mandatory bind over as did the original charge of aggravated robbery.

{¶ 4} The state objected to the juvenile court's possible disposition, and instead, argued that Rice was not amenable to rehabilitation in the juvenile system. The juvenile court held an amenability hearing, and transferred Rice's case back to the common pleas court. At that time, the common pleas court imposed its six-year sentence, but only gave partial credit for the amount of days Rice had spent in juvenile detention. Rice now appeals the juvenile court's decision determining that he was not amenable to rehabilitation in the juvenile system, as well as his jail-time credit calculation, raising the following assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE JUVENILE COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THAT 17-YEAR-OLD DEMETRIUS RICE WAS NOT AMENABLE TO TREATMENT IN THE JUVENILE SYSTEM, IN VIOLATION OF R.C. 2152.12(B); 2152.121; FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, AND ARTICLE I, SECTION 10, OHIO CONSTITUTION.

{¶ 7} Rice argues in his first assignment of error that the juvenile court abused its discretion by finding that he was not amenable to treatment in the juvenile system.

{¶ 8} As previously stated, Rice, who was 17 years old at the time, was mandatorily bound over because he was accused of committing a crime that if charged as an adult would be aggravated robbery. R.C. 2152.10. However, once Rice pled guilty to the lesser charge of robbery, there no longer existed a mandatory bind-over, and the juvenile court had discretion to either bind Rice over to the common pleas court to be treated as an adult or to allow Rice to proceed through the juvenile system for disposition and rehabilitation. R.C. 2152.121(B)(3).

{¶ 9} When making a decision to transfer a juvenile to the adult court system, the juvenile court must consider statutory factors and weigh such factors as set forth by the Ohio Legislature. R.C. 2152.12(B)(3). In so weighing the factors, the juvenile court has wide latitude and its decision will not be reversed absent an abuse of discretion. *State v. Ramirez*, 12th Dist. Butler No. CA2010-11-305, 2011-Ohio-6531. An abuse of discretion is more than an error of law or judgment and, instead, implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Thompson*, 12th Dist. Warren No. CA2015-09-083, 2016-Ohio-2895, ¶ 8. "As long as the court considers the appropriate statutory factors and there is some rational basis in the record to support the court's findings when applying those factors, we cannot conclude that the [juvenile] court abused its discretion in deciding whether to transfer jurisdiction." *State v. Phillips*, 12th Dist. Clinton No. CA2009-03-001, 2010-Ohio-2711, ¶ 39.

{¶ 10} According to R.C. 2152.12(B),

> * * * after a complaint has been filed alleging that a child is a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court at a hearing may transfer the case if the court finds all of the following:

(1) The child was fourteen years of age or older at the time of the act charged.

(2) There is probable cause to believe that the child committed the act charged.

(3) The child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions. In making its decision under this division, the court shall consider whether the applicable factors under division (D) of this section indicating that the case should be transferred outweigh the applicable factors under division (E) of this section indicating that the case should not be transferred. The record shall indicate the specific factors that were applicable and that the court weighed.

{¶ 11} Rice concedes that the first two factors are satisfied, and only challenges the juvenile court's weighing of the factors for consideration as set forth in R.C. 2152.12:

(D) In considering whether to transfer a child under division (B) of this section, the juvenile court shall consider the following relevant factors, and any other relevant factors, in favor of a transfer under that division:

(1) The victim of the act charged suffered physical or psychological harm, or serious economic harm, as a result of the alleged act.

(2) The physical or psychological harm suffered by the victim due to the alleged act of the child was exacerbated because of the physical or psychological vulnerability or the age of the victim.

(3) The child's relationship with the victim facilitated the act charged.

(4) The child allegedly committed the act charged for hire or as a part of a gang or other organized criminal activity.

(5) The child had a firearm on or about the child's person or under the child's control at the time of the act charged, the act charged is not a violation of section 2923.12 of the Revised Code, and the child, during the commission of the act charged, allegedly used or displayed the firearm, brandished the firearm, or indicated that the child possessed a firearm.

(6) At the time of the act charged, the child was awaiting adjudication or disposition as a delinquent child, was under a

community control sanction, or was on parole for a prior delinquent child adjudication or conviction.

(7) The results of any previous juvenile sanctions and programs indicate that rehabilitation of the child will not occur in the juvenile system.

(8) The child is emotionally, physically, or psychologically mature enough for the transfer.

(9) There is not sufficient time to rehabilitate the child within the juvenile system.

(E) In considering whether to transfer a child under division (B) of this section, the juvenile court shall consider the following relevant factors, and any other relevant factors, against a transfer under that division:

(1) The victim induced or facilitated the act charged.

(2) The child acted under provocation in allegedly committing the act charged.

(3) The child was not the principal actor in the act charged, or, at the time of the act charged, the child was under the negative influence or coercion of another person.

(4) The child did not cause physical harm to any person or property, or have reasonable cause to believe that harm of that nature would occur, in allegedly committing the act charged.

(5) The child previously has not been adjudicated a delinquent child.

(6) The child is not emotionally, physically, or psychologically mature enough for the transfer.

(7) The child has a mental illness or is a mentally retarded person.

(8) There is sufficient time to rehabilitate the child within the juvenile system and the level of security available in the juvenile system provides a reasonable assurance of public safety.

{¶ 12} "Generally the greater the culpability of the offense, the less amenable will the juvenile be to rehabilitation." *State v. Watson*, 47 Ohio St.3d 93, 96 (1989). There is no requirement that each statutory factor must be "resolved against the juvenile so long as

the totality of the evidence supports a finding that the juvenile is not amenable to treatment." *State v. Haynie*, 12th Dist. Clinton No. CA93-12-039, 1995 WL 55289, *5 (Feb. 13, 1995).

{¶ 13} After reviewing the record, we find that the juvenile court did not err in finding that Rice was not amenable to treatment as a juvenile. The juvenile court considered evidence from several sources, including arguments from the state, a recommendation from the probation department recommending transfer to the common pleas court, arguments from defense counsel, a forensic psychological evaluation of Rice, a Bindover Investigation Report from the probation department, and several exhibits submitted by Rice. From these sources, the juvenile court had ample evidence to address the statutory factors, and specifically stated during the amenability hearing that it had "considered all of those factors."

{¶ 14} First, the juvenile court had evidence that Rice had an extensive criminal history, including the use of a gun. Specifically, Rice had been adjudicated delinquent three times in Hamilton County for burglary and one of the adjudications included a firearm specification. The robbery in the current case occurred four months after his discharge from probation for the previous armed robbery, and Rice had pending truancy charges at the time he committed the current robbery. Although Rice had been ordered to serve probation or residential treatment for his past robbery convictions, including substance abuse counseling, Rice tested positive for drugs and thus violated the terms of his probation. Moreover, Rice planned his crime, as evidenced by a text message he sent to a third party the day before he committed the crime, which sated "I need my gun bra I'm bout to do somethin" [sic].

{¶ 15} The juvenile court also considered that Rice was only two months away from his 18th birthday. The juvenile court, after considering all of the reports and evidence, determined that Rice was emotionally, physically, and psychologically mature enough for the transfer. This decision is supported by the record, as the psychologist stated in her

report that Rice received scores in the "High range" in regard to overall sophistication and maturity, and that "he possesses the cognitive, or intellectual, skills necessary to weigh the costs and benefits of a given behavior before acting; he understands right from wrong; and has reasonably good foresight."

{¶ 16} Even so, Rice argues that the juvenile court's findings were in conflict with those of the psychologist who interviewed him. The record indicates that the psychologist opined that Rice was amenable to further involvement in the juvenile system. However, and as this court has previously held, the juvenile court has the discretion to assign what weight it deems appropriate to the expert's report and is not otherwise bound by the expert's opinion when determining amenability of a juvenile. "It is well-established that a juvenile court is not bound by expert opinions in determining the amenability of a juvenile." *State v. Allen*, 12th Dist. Butler No. CA2007-04-085, 2008-Ohio-1885, ¶ 12. This is especially true in this case where the psychologist's report neglected to address the serious nature of the crime Rice committed.[1]

{¶ 17} The juvenile court, however, considered that the charges were serious given the nature of the crime and that a gun was involved. As previously stated, Rice held a loaded semi-automatic weapon to the victim's head and demanded the victim's wallet. Given the serious nature of the offense, the juvenile court specifically noted and considered "public safety" concerns. Similarly, and based on the serious nature of the crime, the juvenile court properly considered the sentences that were available given Rice's age, and that the time for rehabilitation within the juvenile system was not enough.

---

1. The expert's report was not entirely favorable to Rice. In the report, the psychologist noted that Rice demonstrated only "some remorse" and presented a "moderate to high risk for violence and reoffense." The psychologist also opined that Rice's rehabilitation would require "considerable time in order for him to effect lasting behavior change," after recognizing that Rice had failed to benefit from "prior rehabilitative interventions." The psychologist also noted that Rice "has a history of violence toward others and has a history of unprovoked violent behavior* * *."

{¶ 18} After considering all of Rice's arguments and reviewing the entire record, we find that the juvenile court fully considered and weighed the applicable statutory factors and that there is a rational basis in the record to support the court's findings.[2] As such, we find that the juvenile court did not abuse its discretion in returning jurisdiction to the common pleas court to impose sentence. Rice's first assignment of error is therefore overruled.

{¶ 19} Assignment of Error No. 2:

{¶ 20} THE TRIAL COURT ERRED WHEN IT INCORRECTLY CALCULATED DEMETRIUS RICE'S JAIL-TIME CREDIT, IN VIOLATION OF R.C. 2967.191; THE RIGHT TO EQUAL PROTECTION AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION; AND ARTICLE I, SECTION 16, OHIO CONSTITUTION.

{¶ 21} Rice argues in his second assignment of error that the common pleas court improperly calculated his jail-time credit.

{¶ 22} R.C. 2967.191 requires jail-time credit be given for any days that the defendant was confined arising out of the offense for which the defendant was convicted and sentenced, including confinement in the juvenile facility. The record indicates that Rice was arrested on March 2, 2015 and taken to the juvenile detention center where he remained until his transport to prison after sentence was imposed by the common pleas court. Despite having spent over 250 days in confinement, the common pleas court did not properly award Rice with the entirety of his jail time credit. The state concedes the error.

{¶ 23} Given the common pleas court's error in calculating Rice's jail-time credit, we

___

2. Rice argues that the juvenile court failed to make a proper determination regarding how much time he would spend in a juvenile detention setting and relies upon a Second District Court of Appeals case wherein the court reversed a bind-over decision because the trial court did not provide "a sufficient explanation for its decision to permit us to perform meaningful appellate review of its decision under an abuse-of-discretion standard" in regard to how the amount of time the juvenile would spend in detention impacted the weighing of factors. *State v. D. H.*, 2nd Dist. Montgomery No. 26383, 2015-Ohio-3259, ¶ 18. However, we find that the juvenile court's findings in the case sub judice were complete and provided a sound basis to permit this court to perform a meaningful appellate review of its decision.

sustain Rice's second assignment of error and remand the case so that the common pleas court can calculate the proper jail-time credit and issue a correct entry to reflect as much.

{¶ 24}   Assignment of Error No. 3:

{¶ 25}   DEMETRIUS RICE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; ARTICLE I, SECTION 10, OHIO CONSTITUTION.

{¶ 26}   Rice argues in his third assignment of error that his counsel was ineffective for not recognizing the jail-time credit error.  However, and given our disposition of Rice's second assignment of error, we find Rice's third assignment of error moot.

{¶ 27}   Judgment affirmed in part, reversed in part, and the cause is remanded for the limited purpose of correctly calculating Rice's jail-time credit and issuing a proper judgment entry to reflect the correct jail-time credit.

M. POWELL, P.J., and S. POWELL, J., concur.